UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAYMOND MITCHELL, III ]
    Petitioner, ]
     ]
v. ]    No. 3:06-0100
     ]    Judge Trauger
KENNETH LOCKE, WARDEN ]
    Respondent. ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Charles Bass Correctional Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Kenneth Locke, Warden of the prison, seeking a writ of habeas corpus.

In June, 1996, a jury in Davidson County found the petitioner guilty of rape (2 counts) and attempted rape (1 count). For these crimes, he received an aggregate sentence of fifteen (15) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 10; Attachment No. 1. The Tennessee Supreme Court subsequently rejected the petitioner's application for further review. On October 2, 2000, the United States Supreme Court denied petitioner's application for a writ of certiorari. Mitchell v. Tennessee, 531 U.S. 824, 121 S.Ct. 69, 148 L.Ed.2d 34 (2000).

The petitioner then filed a *pro se* petition in the Criminal Court of Davidson County seeking post-conviction relief. Following the appointment of counsel and an evidentiary hearing, the trial court denied the post-conviction petition. On appeal, the Tennessee Court of Criminal

1

Appeals concluded that the petitioner's post-conviction petition had not been timely filed. Nevertheless, that court addressed the petitioner's claims and found that they had no merit. Docket Entry No. 10; Attachment No. 3. The case was remanded to the trial court for a correction of the judgments to reflect that the petitioner was a multiple rapist.[1] Once again, the Tennessee Supreme Court denied petitioner's application for further review.

On January 26, 2006, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[2] In it, the petitioner alleges six claims for relief. These claims include

>  (1) the petitioner was denied the effective assistance of counsel;
> 
>  (2) the prosecutor failed to disclose exculpatory evidence to the defense;
> 
>  (3) the petitioner's convictions were attained in violation of the prohibition against double jeopardy;
> 
>  (4) the indictment was defective because it did not charge the petitioner with being a multiple rapist;
> 
>  (5) the petitioner was not given any notice of the enhanced punishment accorded those designated as multiple rapists; and
> 
>  (6) the petitioner was denied a full and fair post-conviction evidentiary hearing.

---

[1] The significance of being classified as a multiple rapist is that the petitioner is required to serve his full sentence, without a reduction in prison time attributable to sentence reduction credits or parole. *See* Tenn. Code Ann. § 39-13-523 (b) and (c).

[2] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The petition was received in the Clerk's Office and stamped as filed on February 9, 2006. However, the petitioner signed and dated the petition on January 26, 2006. Docket Entry No. 1 at pg. 12. Therefore, the earlier date is deemed to be the date that the petition initiating this action was filed.

Upon its receipt, the Court reviewed the petition and determined that it was not facially frivolous. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No. 10) and the petitioner's Response in Opposition to the Motion to Dismiss (Docket Entry No. 12). Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

The respondent argues that the petition should be dismissed as untimely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle,

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on June 19, 1996. The direct review of his conviction by the state courts was concluded on January 31, 2000, the date the Tennessee Supreme Court denied petitioner's application for discretionary review. The United States Supreme Court then denied petitioner's application for a writ of certiorari on October 2, 2000. Mitchell v. Tennessee, supra. Therefore, the petitioner had one year from this date, or until October 2, 2001, in which to initiate this action.

On April 4, 2001, after one hundred eighty four (184) days had elapsed, the petitioner filed his petition for state post-conviction relief.[4] A "properly filed" application for state post-conviction or other collateral review has the effect of tolling the one year limitation period for as long as the collateral proceedings remain pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the Tennessee Court of Criminal Appeals determined that the petition for state post-conviction relief had not been filed in a timely manner. Docket Entry No. 10; Attachment No. 3. As such, the petitioner's post-conviction petition was not "properly filed" within the meaning of § 2244(d)(2) and had no tolling effect on the limitation period. Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005)(a state post-conviction petition, rejected by the state courts as untimely, was not "properly filed" so as to toll the running of the limitation period, even though the petition had been accepted and reviewed on the merits). Therefore, this action is untimely because the petitioner neglected to seek federal habeas corpus relief prior to the October 2, 2001 deadline.

Soon after the United States Supreme Court denied the petitioner's application for a writ

---

[4] The 184 days are computed as follows: 29 days (10/3-10/31/00) + 30 days (11/00) + 31 days (12/00) + 31 days (1/01) + 28 days (2/01) + 31 days (3/01) + 4 days (4/1-4/04/01) = 184 days.

4

of certiorari, he filed a Petition for Declaratory Judgment in the Chancery Court of Davidson County, alleging that the Tennessee Department of Correction had erroneously classified him as a multiple rapist. Mitchell v. Campbell, 88 S.W.3d 561 (Tenn. Ct. App. 2002). In his Response in Opposition to the Motion to Dismiss, the petitioner suggests that this state court proceeding was sufficient to trigger a tolling of the limitation period. Docket Entry No. 12 at pg. 8. The petitioner's declaratory judgment action, however, was an attack upon the execution rather than the imposition of his sentences. Consequently, this state court proceeding had no tolling effect on the limitation period.[5]

      The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir.), cert denied, 534 U.S. 1057 (2001).[6] The doctrine of equitable tolling, however, should be applied sparingly. Id., at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[5] In any event, the petitioner's state declaratory judgment action was concluded on October 7, 2002, the date that the Tennessee Supreme Court denied his application for discretionary review. Docket Entry No. 10; Attachment No. 2. This action was not initiated until January 26, 2006, well beyond the one year limitation period.

[6] Dunlap involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "...... habeas and all other cases....". Dunlap at pg. 1009.

McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Id. In this case, the petitioner does argue that he was entitled to an equitable tolling of the state post-conviction statute. Docket Entry No. 12 at pgs. 6-10. He has neglected, however, to give any explanation as to why he did not file his habeas corpus petition within the one year limitation period. Thus, equitable tolling of the limitation period would not be appropriate in this instance.

Having carefully reviewed the pleadings and the record, the Court finds that the respondent's Motion to Dismiss (Docket Entry No. 10) has merit. Accordingly, respondent's motion will be granted and this action shall be dismissed. Rule 8(a), Rules - - § 2254 Cases.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge